### BENJAMIN BRUCE *vs.* WILLIAM PARSONS.

Assumpsit will lie by a broker for his commissions in procuring a charter-party
for a vessel, although such charter-party recites, under seal, that such com-
missions are to be paid to the broker.

A broker employed by a ship-owner to procure a charter-party for a vessel, may
recover of the ship-owner the whole commissions in his own name, although
he may be bound to pay over one half to others who have aided in procuring
such charter-party.

THIS was an action of assumpsit by a broker in Boston,
to recover commissions for procuring a charter-party for the
defendant's ship, the Amaranth. Upon the trial in the court

of common pleas, July term, 1851, it appeared that the defendant applied to the plaintiff to procure a charter for his vessel; thereupon, the plaintiff applied to Gibbons & Darley, brokers, of New York, to assist him in procuring a charter for said vessel. Mr. Gibbons, who was called by the plaintiff, testified that after the plaintiff's application to his firm, he informed the plaintiff that a charter could be effected with Lovett & Co., of New York; that a charter was subsequently entered into by them; that all the business in New York was done by Gibbons & Darley, and that they had no communication whatever with the defendant, but only with the plaintiff; that by force of a usage and understanding among ship-brokers, they were entitled for their services in aiding to effect the charter-party, to one half of the commissions which the plaintiff might receive, that by the same usage the broker who resides in the same place with the ship-owner, and with whom the ship-owner communicates, receives the whole commission in the first place, and then pays to his correspondents their proportion; that in this case they, (Gibbons & Darley,) looked to the plaintiff for their proportion, when he should receive the commissions of the defendant, and not to the defendant. There was no direct evidence that the defendant authorized the plaintiff to employ the services of Gibbons & Darley, or that he knew that they had rendered any services. The charter-party was written by the plaintiff, and signed and sealed by the defendant, and Lovett & Co., the charterers. It contained this clause: " Commissions on procuring said freight, (5 per cent,) to be paid by the owner of the ship to B. Bruce, [the plaintiff,] in Boston."

The defendant also introduced a letter from the plaintiff to him, which contained this clause : " You will oblige me by paying this bill, (the one sued,) as part of these commissions are claimed by a house in New York, and who have repeatedly requested a remittance of their part." The defendant objected that assumpsit would not lie, because said charter-party was under seal, and also contended that upon this evidence, the said Gibbons & Darley were jointly interested with the plaintiff in said commissions, and should have joined with the plain-

tiff in bringing this action, and that the action could not be maintained in the name of the plaintiff alone. *Perkins, J.,* ruled that said Gibbons & Darley should have been joined, and that this action could not be maintained by the plaintiff alone. To which ruling, the plaintiff excepted.

*E. Merwin,* for the plaintiff.

*C. T. Russell,* for the defendant.

SHAW, C. J. The plaintiff not being a party to the charter-party, cannot sue on it, and his only action is assumpsit. It was not the main purpose of the clause introduced into the charter-party, in relation to commissions, to make a contract with the party entitled to commissions, but it was in the nature of a recital to determine who should pay the commissions, and to fix a rate of premium, as between the parties; it is admissible in evidence only, like any admission to third parties, and no less so, because it is an admission made by a recital in a sealed contract.

It seems exceedingly clear that there was no joint contract. The plaintiff was the sole contracting party, and may sue alone, although bound to pay over to Gibbons & Darley. That does not make it a joint contract. When he obtained a bid of persons not within his own reach, through the New York brokers, he became liable to account to them if he obtained the commission, but that created no contract between the defendant and them. There is, in short, no privity between him and them. *Schmaling* v. *Thomlinson,* 6 Taunt. 147, is quite in point.

The original contract here was between the plaintiff and the defendant. The interest of the New York brokers was not in that contract, and, therefore, they are not brought within the technical rule requiring a joinder of parties. The plaintiff's letter merely notifies to the defendant the claims of third persons on the writer, as a reason for asking immediate payment to him. There is no implication in that letter of any supposed claim in favor of the parties in New York against the defendant. *New trial granted.*